UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MIANULLI )<br>)<br>)<br>**Plaintiff,** )<br>)    Civil Action No. 07-1129(RMC)<br>v. )    ECF<br>)<br>**JOHN E. POTTER** )<br>**POSTMASTER GENERAL** )<br>**UNITED STATES POSTAL SERVICE** )<br>)<br>**Defendant.** )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, by and through, undersigned counsel, hereby answers the complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the complaint, Defendant states as follows:

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age of Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

ANSWER:  The allegations contained in Paragraph 1 constitute Plaintiff's statement about the jurisdiction of this Court, which is a conclusion of law, to which no response is required.

2. That all of the actions complained of herein took place in the District of Columbia.

ANSWER:  Admit

3. That Plaintiff is a resident of the State of Maryland.

ANSWER:  Defendant is without sufficient information to form a belief as to the truth of the Plaintiff's statement in Paragraph 3.  Therefore, Defendant leaves Plaintiff to his proofs.

4. The Defendant is a United States government agency which regularly conducts business in the District of Columbia.  The Agency employs 15 or more employees and is an employer within the meaning of Title VII.

ANSWER:  Defendant denies the statement in the first sentence of paragraph 4 and avers that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States within the meaning of Title 39 United States Code § 203.  To the extent that an answer is deemed required, Defendant admits that it does business within the District of Columbia and employs 15 or more employees.  The statement contained in the second sentence of Paragraph 4 constitutes Plaintiff's conclusion of law to which no response is required.

5. That Plaintiff timely filed a charge of discrimination against the Agency with the Agency's Equal Employment Office and the United States Equal Employment

Opportunity Commission and received a Notice of Right to Sue on or about April 4, 2007. Plaintiff has thus exhausted his administrative remedies prior to filing suit.

ANSWER: The statements contained in Paragraph 5 constitute Plaintiff's conclusions of law to which no response is required. To the extent that an answer is deemed required, Defendant admits that Plaintiff filed a timely complaint of discrimination with Defendant's Equal Employment Office and eventually appealed to the Equal Employment Opportunity Commission. Defendant is without sufficient information to form a belief as to the truth of the Plaintiff's statement that he received Notice of Right to Sue on or about April 4, 2007 and leaves Plaintiff to his proofs.

**FACTS COMMON TO ALL COUNTS**

6. That Plaintiff Mianulli is a Caucasian male.

ANSWER: Admit.

7. That Defendant is a government agency in the service of postal deliveries.

ANSWER: Defendant denies the statement in paragraph 7 and avers that the United States Postal Service's purpose and responsibilities are set forth within Title 39 United States Code.

8. Plaintiff was hired by the Agency on or about October 2003.

ANSWER: Admit.

9. That at all times relevant hereto, Plaintiff was employed by Defendant as an EAS-19 "Management Analyst" at the Agency's Mail Equipment Shops in Washington, D.C. Plaintiff's responsibilities included, but were not limited to, management duties in the Mail Equipment Shop.

ANSWER: Admit.

10.  During the period of his employment with the Agency, Plaintiff's performance met or exceeded his employer's reasonable expectations.

ANSWER:  Deny.

11.  In February 2004, Mr. Sam Rogers, African-American male, was assigned as Plaintiff's new supervisor and was at all time relevant hereto, was [sic] acting in the course and scope of his employment as a manager with the United States Postal Service.

ANSWER:  Admit that Mr. Sam Rogers is an African American male and was assigned as Plaintiff's supervisor in February 2004.  The remainder of this paragraph is denied.

12.  Shortly thereafter, Plaintiff was informed by Mr. Rogers that his performance was "unacceptable," and was placed on a "work agreement" as a disciplinary measure.

ANSWER:  Defendant admits that Plaintiff's work performance was not acceptable but denies the statement in paragraph 12 as to Plaintiff being placed on a "work agreement" as a disciplinary measure and avers that the Plaintiff was placed on a Performance Action Plan to assist him in improving his performance.

13.  The aforementioned work agreement dictated unreasonable deadlines for completion of assignments.  Furthermore, Mr. Rogers interfered with Plaintiff's ability to complete his assignments by instructing Plaintiff's subordinates not to assist Plaintiff in the completion of these assignments.

ANSWER:  Deny.

14.  On or about March 24, 2004, Plaintiff was terminated from his employment with the Agency without good cause.  The motive for terminating Plaintiff's employment was due to his race, color, and age.

ANSWER: Deny.

## COUNT 1

### RACE AND COLOR DISCRIMINATION AND HARASSMENT
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

15. Plaintiff hereby realleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

> ANSWER: Defendant incorporates its responses to paragraphs 1 through 14 of the Plaintiff's complaint herein.

16. Plaintiff was the only employee under Mr. Rogers' supervision subjected to a "work agreement."

> ANSWER: Defendant denies the statement in paragraph 16 and avers that the Plaintiff was the only employee under the supervision of Mr. Rogers who was covered by a Performance Action Plan.

17. Plaintiff was singled out, harassed, and eventually terminated due to his race (Caucasian).

> ANSWER: Deny.

18. Plaintiff's position was immediately offered to a younger, less qualified African American female.

> ANSWER: Deny.

19. That all of the aforementioned acts constitute unlawful employment practices pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq.

> ANSWER: Deny.

20. That the effect of the practices complained of above was to deprive the Plaintiff of equal employment opportunities, treatment, and otherwise adversely affect his employment status because of this race.

ANSWER: Deny.

21. That the unlawful employment practices complained of above were intentional.

ANSWER: Deny.

22. That the discriminatory actions of Mr. Rogers as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

ANSWER: Deny.

## COUNT II

## AGE DISCRIMINATION

**Age Discrimination in Employment Act of 1967, as amended,
29 U.S.C. §§ 621 et seq.**

23. Plaintiff hereby realleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

ANSWER: Defendant incorporates Defendant's prior responses to paragraphs 1 through 22 of the Plaintiff's complaint.

24. That Plaintiff's date of birth is November 21, 1955.

ANSWER: Admit.

25. Plaintiff would not have been subjected to adverse treatment if not for his age.

ANSWER: Deny.

26. Plaintiff was placed on a "work agreement" because of his age.

ANSWER: Deny.

27. Plaintiff's age was a motivating factor behind his termination in March of 2004.

ANSWER: Deny.

28. Subsequent to Plaintiff's termination, Plaintiff's position was immediately offered to a substantially younger, less qualified African-American female.

ANSWER: Deny.

## Prayer for Damages

29. Wherefore, Plaintiff Mianulli prays that this Court grant judgment in his favor against the United States Postal Service in the amount of Three Hundred Thousand dollars ($300,000.000) with interest and costs, for reasonable attorney's fees and for such other and further relief as this Court deems just and equitable.

ANSWER: The remainder of the complaint is a demand for judgment and prayer for relief in the Plaintiff's complaint, which requires no answer. To the extent that an answer is deemed required, Defendant denies that the Plaintiff is entitled to the relief requested or any relief whatsoever. Defendant further avers that compensatory damages and trial by jury are not available for claims under the Age Discrimination in Employment Act.

          Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-4851
(202) 514-8780 (facsimile)


*Of Counsel:*
Stephen W. Furgeson
Attorney
United States Postal Service
8200 Corporate Drive
Landover, MD  20785

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2007, I caused to be served, by the Court's Electronic Case Filing System, a true and correct copy of the above *Defendant's Answer to Plaintiff's Complaint* on counsel of record:

/s/
_____
MERCEDEH MOMENI
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 305-4851