UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MIANULLI )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. POTTER )<br>POSTMASTER GENERAL )<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1129(RMC)<br>ECF |

**JOINT REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone, on September 19, 2006. As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**(1)   Dispositive Motions.**

At this point, the Plaintiff believes the case cannot be resolved by dispositive motion. The Defendant intends to file a motion for summary judgement after the close of discovery. There are no pending motions. The parties do not believe that discovery should be stayed for dispositive motions.

**(2)   a.   Deadline for Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 180 days from the date of the Initial Scheduling Conference, if needed. Plaintiff and Defendant believe that the legal or factual issues cannot be narrowed at this time.

1

**b.**    **Agreement as to Factual and Legal Issues:**  Whether Plaintiff was unlawfully discriminated against or harassed in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*

**(3)**    **Assignment to Magistrate Judge.**  Plaintiff takes no position on assignment to a Magistrate Judge.  Defendant does not agree to have this case referred to a Magistrate Judge for all purposes.

**(4)**    **Prospects of Settlement.**  The parties are engaged in informal settlement discussions at this time.

**(5)**    **Alternate Dispute Resolution (ADR).**  The parties may request that this case be referred to a Magistrate Judge for settlement discussions at a later time.

**(6)**    **Resolution by Summary Judgment.**  At this point, the Plaintiff does not believe this entire case can be decided by dispositive motion.  The Defendant intends to file a motion for summary judgement after the close of discovery, if settlement discussions are not fruitful.  The parties agree that any motions for summary judgment will be filed within 30 days after the close of discovery; that oppositions or cross-motions be filed 30 days thereafter, and any replies be filed 20 days after the filing of the oppositions or cross-motions.

**(7)**    **Initial Disclosures.**  The parties agreed that Initial Disclosures should be exchanged as required by Fed. R. Civ. P. 26(a)(1).

**(8)**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**  The parties request six months to complete discovery.  The parties

agree that each party should be limited to seven depositions and twenty five (25) each of interrogatories, requests for production of documents and requests for admissions. The parties also state that a Privacy Act protective order will be necessary due to the nature of documents sought in discovery.

**(9)** **Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.** The parties do not believe the requirements of Fed. R. Civ. P. 26(a)(2), should be modified.

**(10)** **Class Action Procedures.** Not applicable.

**(11)** **Bifurcation of Trial and/or Discovery.** Neither discovery nor trial should be bifurcated.

**(12)** **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference date, 30 days after the dispositive motions have been ruled upon.

**(13)** **Trial Date.** The parties request that a trial date be set at the pretrial conference.

**(14)** **Other Matters.** None.

Respectfully submitted,

_/s/with authorization_____  
Paul V. Bennet, Esq.   .  
D.C. Bar # 427358  
133 Defense Highway, Ste. 209  
Annapolis, MD 21401  

*Attorney for Plaintiff*

_____/s/_____  
JEFFREY A. TAYLOR  
D.C. Bar # 488610  
United States Attorney  

_____/s/_____  
RUDOLPH CONTRERAS  
D.C. Bar # 434122  
Assistant United States Attorney  

_____/s/_____  
MERCEDEH MOMENI  
Assistant United States Attorney  
Judiciary Center Building, Rm. E4208  
555 Fourth Street, N.W.  
Washington, D.C. 20530  
(202) 305-4851  

*Attorneys for Defendant*

September 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MIANULLI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-1129(RMC) |
| v. ) | ECF |
| ) | |
| JOHN E. POTTER ) | |
| POSTMASTER GENERAL ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **SCHEDULING ORDER**

UPON CONSIDERATION of the parties Report Pursuant to Rule 16.3 it is hereby this

_____, day of September, 2007 ORDERED

1. That the parties have not agreed to dispense with initial disclosures;

3. That the deadline for joining additional parties or amending the pleadings shall be

   _____ 2008;

4. That the deadline for proponent's Rule 26(a)(2) expert report shall be, _____

   2008;

5. That the deadline for opponent's expert reports shall be _____ 2008;

6. That the close of discovery shall be April 18, 2008;

7. That dispositive motions shall be due by May 19, 2008; oppositions and cross motions shall be due within 30 days of any dispositive motions; and replies shall be due within 20 days thereafter.

ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

Copies to:

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett
133 Defense Highway
Suite 209
Annapolis, Maryland, 21401

and

Mercedeh Momeni, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530