| | | |
|---|---|---|
| PAUL MIANULLI | * | IN THE |
| Plaintiff | * | UNITED STATES |
| | * | |
| v. | * | DISTRICT COURT |
| | * | |
| JOHN E. POTTER, | * | FOR THE |
| POSTMASTER GENERAL, | * | |
| UNITED STATES POSTAL SERVICE | * | DISTRICT OF COLUMBIA |
| | * | |
| Defendant | * | |
| | * | |
| | * | Case No.: 07-1129 (RMC) |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15 and Local Rule 7(i), Plaintiff, Paul Mianulli, by and through his attorney, Paul V. Bennett, hereby requests leave to file an amended complaint as follows:

1) Leave is hereby requested to amend the complaint to add a Count of Retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*.

2) Pursuant to the Scheduling Order of October 24, 2007, the deadline to file an amended pleading is January 25, 2008.

3) "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

4) "[T]hose discriminatory claims <u>stated</u> in the [administrative] charge, those <u>reasonably related</u> to the original complaint, and those developed by <u>reasonable investigation</u> of the original complaint may be maintained in a subsequent lawsuit." *Taylor v. Virginia Union University*, 193 F.3d 219 (4th Cir. 1999), quoting *Evans v. Technologies Application Services Co.*, 80 F.3d

the administrative charges, [and] so courts [should] construe them liberally." See *Chacko v. Patuxent Institution*, 429 F.3d 505 (4th Cir. 2005), citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). "Suit should not be barred if allegations... 'encompass any kind of discrimination like or related to facts contained in the (administrative complaint).'" *Macellano v. Goldman*, 643 F.2d 813 (D.C. Cir. 1980).

5) Plaintiff's Information for Pre-Complaint Counseling, EEO Report of Investigation, Counselor's Report, p. 21 of 30, clearly states that Plaintiff was fired less than 24 hours after he made an allegation of discrimination. This issue was clearly investigated during the administrative phase, as evidenced in the EEO Report of Investigation, Investigative Report, p. 5 of 12. (See attached Exhibits "A" and "B," respectively).

6) Plaintiff's claim of retaliation is clearly stated and/or related to the factual patterns investigated by the USPS EEO. The issue of retaliation comes out of the same time period, actors, and fact scenario detailed in the original complaint of discrimination, which was prepared with the assistance of the USPS EEO. No new facts are thus needed to amend the EEO Charge to include "retaliation" and thereby, Plaintiff has exhausted his administrative remedies as required for Title VII claims.

7) Attached is a redline version of the proposed amended complaint and an original copy of the proposed pleading as amended for filing.

8) The substantive factual allegations remain unchanged. As a result, the amendments are not so significant as to cause any undue prejudice to the defendant.

WHEREFORE for the forgoing reasons, Plaintiff, Paul Mianulli, respectfully requests leave of the court to amend the complaint in the above referenced case.

                                                                        /s/
Paul V. Bennett, Esq.
Law Office of Paul V. Bennett, P.C.
133 Defense Highway, Suite 209
Annapolis, Maryland 21401
Phone: 410-974-6000
DC Federal Bar No.: 427358

*Attorney for Plaintiff*

## Memorandum of Points and Authorities

1) Fed. R. Civ. P. 15

2) Local Rule 7(i)

3) *Macellano v. Goldman*, 643 F.2d 813 (D.C. Cir. 1980); *Chacko v. Patuxent Institution*, 429 F.3d 505 (4th Cir. 2005), citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 f.2d 457, 460 (4th Cir. 1988); *Taylor v. Virginia Union University*, 193 F.3d 219 (4th Cir. 1999), quoting *Evans v. Technologies Application Services Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

| U.S. Postal Service | Certified Mail No. 7099 3400 0008 5897 5161 | Date Mailed 4/2/2004 | or Hand Delivered on |
|---|---|---|---|
| **Information for Pre-Complaint Counseling** | By (Initials) ag | Case No. 6L-000-0001-04 | |

On __4/2/2004__, you requested an appointment with a Dispute Resolution Specialist.
(Month, Day, Year)

Important: Please read. You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name (Last, First, MI) | Social Security | Home Telephone No. |
|---|---|---|
| Mianulli, Paul | 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 | 410-869-7337 |

| Your Mailing Address | | Finance Number |
|---|---|---|
| 19 Shady Hill Court, Baltimore, MD 21228-2429   410.570.1011 (FAX) | | 10-7000 |

| Name of Postal Facility Where You Work | Office Telephone No. |
|---|---|
| MAIL EQUIP SHOPS | 202 281 2620 |

| Address of Postal Facility | Email Address* |
|---|---|
| 2135 5th STREET NE WASH DC 20260 | |

| Employment Status (Check One) | Position Title | Grade Level |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | MANAGEMENT ANALYST | EAS 19 |

| Pay Location | Tour | Duty Hours | Off Days (If Tour I, Show Nights Off) | Time in Current Position |
|---|---|---|---|---|
| 000 | | 0700-1530 | SAT, SUN | _ Years  5 Months |

| Your Supervisor's Name | Supervisor's Title | Supervisor's Telephone No. |
|---|---|---|
| SAMMY ROGERS | MANAGER MAIL EQUIP SHOPS | ( ) 202 281 2652 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity)*. These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

RACE - I AM WHITE, SUPERVISOR IS AFRICAN-AMER, FACILITY IS 98% AFRICAN-AMER.
AGE - OVER 40 YRS

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On_____, I engaged in EEO activity. Case No.:_____
    (Month, Day, Year)

2. On_____, I engaged in EEO activity. Case No.:_____
    (Month, Day, Year)

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.
On __March 24__, __2004__,

I was fired, less than 24 hours after I had made an allegation of discrimination. Details follow: 1) I worked in a facility that is 98% African-American, and at the time I was fired, I was the only white member of management. 2) My supervisor, Sammy Rogers, is a new hire to the Service with no experience as a Postal manager, and I met him for the first time on 2/24/04. 3) Mr. Rogers, immediately after starting, discriminated against me and embarked on a strategy to discredit me. One example, he required me to sign a work agreement with strict work deadlines, "No exceptions." No other member of management was required to sign such an agreement. 4) Mr. Rogers then interfered in my department, telling my employee not to do an assignment that I had given her to do and she had agreed to do. His intention was to cause me to miss one of the "deadlines" that he had imposed upon me. (Space limitations here prevent me from giving further examples.) 5) I had no problems working with either of my previous managers, both were EAS-25 career (15+ year) Postal employees. They each recently rated me Outstanding to Satisfactory on every rating criteria. 6) In Feb 04, I was selected as one of 5 finalists for an EAS-23 position, which would have been a 4 grade increase for me. 7) On 2/18/04, I was told that I was "doing a great job; keep up the good work." 8) However, on 3/23/04, I notified Mr. Rogers' supervisor, James McConnell, by telephone, that I felt I was now a victim of discrimination, and I requested an opportunity to discuss the situation with HR. I was not aware that I could report such matters via a toll-free number, and he did not inform me of that option. Instead, he listened to my complaint of discrimination and said that he would "take care of it." Early the very next morning, I was fired, my badge taken from me, and I was escorted from the facility. This made it impossible for me to meet with HR, which was clearly management's intention. 9) An employee's probationary status (mine) does not grant a supervisor a license to haze, or to engage in racial or age discrimination, or to terminate an employee for alleging such activity. I feel very strongly that I was a victim of all of these. 10) Due to the harsh treatment I received, I believe that other employees are fearful of retaliation if they participate in an investigation of this matter.

PS Form 2564-A, March 2001 (Page 1 of 3)

EXHIBIT A

COUNSELOR'S REPORT
PAGE 21 OF 30

almost unheard of for someone in their first six months with the Postal Service. He testified that less than 30 days later, his work was supposedly so unacceptable that he needed to be terminated by a brand new employee to the Postal Service.

Complainant stated Mr. Rogers began work on February 24, 2004, and fired him on March 24, 2004. He testified that on February 18, 2004, he was told by his manager that he was "doing a great job; keep up the good work." He stated that his attendance was perfect and he was never late for work even once despite a 43 mile commute each way.

Complainant testified that on March 23, 2004, he notified Mr. Rogers' manager, James McConnell, that he felt that he was being treated unfairly and that he wanted to discuss the matter with Human Resources. He testified that Mr. McConnell did not inform him that he should report such matters to Human Resources EEO office via a toll-free phone number. He stated that instead, the very next morning, he was fired and his badge was taken so that he could not meet with Human Resources.

Complainant testified the management official who issued the termination is Sammy Rogers, Manager of the Mail Equipment Shops. He testified that Mr. Rogers stated that he was not completing work before his "deadlines." He stated the deadlines were imposed by Mr. Rogers and written on a work agreement which he required him to sign. He stated that no other member of management was required to sign a work agreement.

Complainant testified that Mr. Rogers required him to perform duties that were the responsibility of other individuals. He stated that one example was reconciling the mail equipment shop's checkbook which was the responsibility of Ms. Anne Carter, a black female. He testified that rather than requiring Ms. Carter to perform that task, Mr. Rogers required Complainant to do it because he is a white male. Complainant testified the quantity of work that Mr. Rogers required him to perform were not his responsibility but he was required to do them so that the individuals that were of the same race as Mr. Rogers did not have to do them.

Complainant testified that he was required to report the total items shipped each month. He stated that Mr. Rogers would try to get him to include items that had not actually shipped in order to make the numbers appear better than they actually were. He stated he would not do so because it is unethical. Complainant testified he has an MBA and he is a certified financial planner. He stated he will not compromise his integrity. He stated that an audit of the Mail Equipment Shops would reveal any misrepresentations, so it is foolish to do something unethical such as misrepresenting the quantity of items shipped.

Complainant testified he received no warnings and no disciplinary actions. Complainant testified that Ms. Carter's attendance was terrible, but Mr. Rogers would allow her to leave four hours early on a regular basis with no record ever made of her early departures. He testified he was required to perform her duties such as reconciling the bank account. He testified he was required to do her work as well as his own simply because Mr. Rogers showed favoritism toward her and he discriminated against Complainant. Complainant testified Ms. Rogers was allowed to choose her own work

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL MIANULLI | * | |
|     Plaintiff, | * | |
| v. | * | Case No. 07-1129 (RMC) |
| JOHN E. POTTER, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE | * * | |
|     Defendant. | * | |

## ORDER

Upon consideration of the Motion to Amend Complaint and for good cause shown, it is this _____ day of _____ , 2008,

ORDERED that the Motion to Amend Complaint be and is hereby GRANTED; and it is further;

ORDERED that the proposed Amended Complaint be and is hereby accepted for filing.

_____
U.S. District Court Judge

| | | |
|---|---|---|
| PAUL MIANULLI, | * | IN THE |
| 103 Shady Hill Court | * | |
| Baltimore, MD 21228-2429 | * | UNITED STATES |
| | * | |
| v. | * | DISTRICT COURT |
| | * | |
| JOHN E. POTTER, | * | FOR THE |
| POSTMASTER GENERAL, | * | |
| UNITED STATES POSTAL SERVICE | * | DISTRICT OF COLUMBIA |
| | * | |
| Serve on: | * | |
| | * | |
| John E. Potter, Postmaster General | * | |
| United States Postal Service | * | |
| 475 L'Enfant Plaza, SW | * | Case No.: 07-1129 (RMC) |
| Washington, DC 20260 | * | |
| | * | |
| AND | * | |
| | * | |
| United States Attorneys Office | * | |
| District of Columbia | * | |
| 555 4th Street, NW | * | |
| Washington, DC 20530 | * | |
| | * | |
| AND | * | |
| | * | |
| Office of the Attorney General | * | |
| Department of Justice | * | |
| 10th & Pennsylvania Ave., NW, | * | |
| Washington, DC 20530 | * | |

*************************************************************************

## FIRST AMENED COMPLAINT
### (Red Line Version)

Paul Mianulli, ("Mianulli"), Plaintiff, by and through his attorney, Paul V. Bennett, Esq. and the Law Office of Paul V. Bennett, P.C., sues John E. Potter, Postmaster General, United States Postal Service, (hereinafter "Agency"), and as grounds states as follows:

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.* ("ADEA").

2. That all of the actions complained of herein took place in the District of Columbia.

3. That Plaintiff is a resident of the State of Maryland.

4. That Defendant is a United States government agency which regularly conducts business in the District of Columbia. The Agency employs 15 or more employees and is an employer within the meaning of Title VII.

5. That Plaintiff timely filed a charge of discrimination against the Agency with the Agency's Equal Employment Office and the United States Equal Employment Opportunity Commission and received a Notice of Right to Sue on or about April 4, 2007. Plaintiff has thus exhausted his administrative remedies prior to filing suit.

## FACTS COMMON TO ALL COUNTS

6. That Plaintiff Mianulli is a Caucasian male.

7. That Defendant is a government agency in the service of postal deliveries.

8. Plaintiff was hired by the Agency in or about October, 2003.

9. That at all times relevant hereto, Plaintiff was employed by Defendant as an EAS-19 "Management Analyst" at the Agency's Mail Equipment Shops in Washington, D.C. Plaintiff's responsibilities included, but were not limited to, management duties in the Mail Equipment Shop.

10. During the period of his employment with the Agency, Plaintiff's performance met or exceeded his employer's reasonable expectations.

11. In February, 2004, Mr. Sam Rogers, African-American male, was assigned as Plaintiff's new supervisor and was at all time relevant hereto, was acting in the course and scope of his employment as a manager with the United States Postal Service.

12. Shortly thereafter, Plaintiff was informed by Mr. Rogers that his performance was "unacceptable," and was placed on a "work agreement" as a disciplinary measure.

13. The aforementioned work agreement dictated unreasonable deadlines for completion of assignments. Furthermore, Mr. Rogers interfered with Plaintiff's ability to complete his assignments by instructing Plaintiff's subordinates not to assist Plaintiff in the completion of these assignments.

14. On or about March 24, 2004, Plaintiff was terminated from his employment with the Agency without good cause. The motive for terminating Plaintiff's employment was due to his race, color, age and retaliation.

**COUNT 1**

**RACE AND COLOR DISCRIMINATION AND HARASSMENT**
Title VII of the Civil Rights Act of 1964
42 U.S.C. 2000e *et seq.*

15. Plaintiff hereby realleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Plaintiff was the only employee under Mr. Rogers' supervision subjected to a "work agreement."

17. Plaintiff was singled out, harassed, and eventually terminated due to his race (Caucasian).

18. Plaintiff's position was immediately offered to a younger, less qualified African American female.

19. That all of the aforementioned acts constitute unlawful employment practices pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq.

20. That the effect of the practices complained of above was to deprive the Plaintiff of equal employment opportunities, treatment, and otherwise adversely affect his employment status because of his race.

21. That the unlawful employment practices complained of above were intentional.

22. That the discriminatory actions of Mr. Rogers as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

### COUNT II

### AGE DISCRIMINATION
**Age Discrimination in Employment Act of 1967, as amended,
29 U.S.C. §§ 621 *et seq*.**

23. Plaintiff hereby realleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. That Plaintiff's date of birth is November 21, 1955.

25. Plaintiff would not have been subjected to adverse treatment if not for his age.

26. Plaintiff was placed on a "work agreement" because of his age.

27. Plaintiff's age was a motivating factor behind his termination in March of 2004.

28. Subsequent to Plaintiff's termination, Plaintiff's position was immediately offered to a substantially younger, less qualified African-American female.

## COUNT III

### RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §§ 2000e et seq.

29. Plaintiff hereby realleges paragraphs 1-28 of this Complaint as though fully set forth herein.

30. On or about March 23, 2004, Plaintiff contacted Mr. James McConnell, United States Postal Service Manager, in order to advise of his belief that he was being discriminated against in his employment due to his race, color, and/or age.

31. On March 24, 2004, Plaintiff was terminated from his employment with the USPS.

32. That the aforementioned acts of retaliation for making charges of race, color, and age discrimination constitute unlawful employment and practices pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq.

33. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

34. That the unlawful employment practices complained of above were intentional.

35. That the retaliatory employment practices as set forth above has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

36. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

37. That Defendant knew or should have known of the aforementioned conduct of Mr. McConnell and Mr. Rogers against Plaintiff and failed to take prompt corrective action.

38. That Defendant is vicariously liable for the conduct of Mr. McConnell and Mr. Rogers carried out in the course and scope of their employment.

**Formatted:** Normal, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Tab after:  0.5" + Indent at:  0.5", Tabs: Not at  1"

## Prayer For Damages

WHEREFORE, Plaintiff Mianulli prays that this Court grant judgment in his favor against the United States Postal Service in the amount of Three Hundred Thousand dollars ($300,000.00) with interest and costs, for reasonable attorney's fees and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

_____
Paul V. Bennett, Esq.
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
(410) 974-6000
DC Federal Bar No.: 427358

*Attorney for Plaintiff*

```
PAUL MIANULLI                              *    IN THE
19 Shady Hill Court                        *
Baltimore, MD 21228-2429                   *    UNITED STATES
                                           *
v.                                         *    DISTRICT COURT
                                           *
JOHN E. POTTER,                            *    FOR THE
POSTMASTER GENERAL,                        *
UNITED STATES POSTAL SERVICE               *    DISTRICT OF COLUMBIA
                                           *
     Serve on:                             *
                                           *
     John E. Potter, Postmaster General    *
     United States Postal Service          *
     475 L'Enfant Plaza, SW                *    Case No.: 07-1129 (RMC)
     Washington, DC 20260                  *
                                           *
     AND                                   *
                                           *
     United States Attorneys Office        *
     District of Columbia                  *
     555 4th Street, NW                    *
     Washington, DC 20530                  *
                                           *
     AND                                   *
                                           *
     Office of the Attorney General        *
     Department of Justice                 *
     10th & Pennsylvania Ave., NW,         *
     Washington, DC 20530                  *
**************************************************************
```

## **FIRST AMENED COMPLAINT**

Paul Mianulli, ("Mianulli"), Plaintiff, by and through his attorney, Paul V. Bennett, Esq. and the Law Office of Paul V. Bennett, P.C., sues John E. Potter, Postmaster General, United States Postal Service, (hereinafter "Agency"), and as grounds states as follows:

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq. ("ADEA").

2. That all of the actions complained of herein took place in the District of Columbia.

3. That Plaintiff is a resident of the State of Maryland.

4. That Defendant is a United States government agency which regularly conducts business in the District of Columbia. The Agency employs 15 or more employees and is an employer within the meaning of Title VII.

5. That Plaintiff timely filed a charge of discrimination against the Agency with the Agency's Equal Employment Office and the United States Equal Employment Opportunity Commission and received a Notice of Right to Sue on or about April 4, 2007. Plaintiff has thus exhausted his administrative remedies prior to filing suit.

## FACTS COMMON TO ALL COUNTS

6. That Plaintiff Mianulli is a Caucasian male.

7. That Defendant is a government agency in the service of postal deliveries.

8. Plaintiff was hired by the Agency in or about October, 2003.

9. That at all times relevant hereto, Plaintiff was employed by Defendant as an EAS-19 "Management Analyst" at the Agency's Mail Equipment Shops in Washington, D.C. Plaintiff's responsibilities included, but were not limited to, management duties in the Mail Equipment Shop.

10. During the period of his employment with the Agency, Plaintiff's performance met or exceeded his employer's reasonable expectations.

11. In February, 2004, Mr. Sam Rogers, African-American male, was assigned as Plaintiff's new supervisor and was at all time relevant hereto, was acting in the course and scope of his employment as a manager with the United States Postal Service.

12. Shortly thereafter, Plaintiff was informed by Mr. Rogers that his performance was "unacceptable," and was placed on a "work agreement" as a disciplinary measure.

13. The aforementioned work agreement dictated unreasonable deadlines for completion of assignments. Furthermore, Mr. Rogers interfered with Plaintiff's ability to complete his assignments by instructing Plaintiff's subordinates not to assist Plaintiff in the completion of these assignments.

14. On or about March 24, 2004, Plaintiff was terminated from his employment with the Agency without good cause. The motive for terminating Plaintiff's employment was due to his race, color, age and retaliation.

## COUNT 1

### RACE AND COLOR DISCRIMINATION AND HARASSMENT
Title VII of the Civil Rights Act of 1964
42 U.S.C.  2000e *et seq.*

15. Plaintiff hereby realleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Plaintiff was the only employee under Mr. Rogers' supervision subjected to a "work agreement."

17. Plaintiff was singled out, harassed, and eventually terminated due to his race (Caucasian).

18. Plaintiff's position was immediately offered to a younger, less qualified African American female.

19. That all of the aforementioned acts constitute unlawful employment practices pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq.

20. That the effect of the practices complained of above was to deprive the Plaintiff of equal employment opportunities, treatment, and otherwise adversely affect his employment status because of his race.

21. That the unlawful employment practices complained of above were intentional.

22. That the discriminatory actions of Mr. Rogers as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

## COUNT II

### AGE DISCRIMINATION
**Age Discrimination in Employment Act of 1967, as amended,
29 U.S.C. §§ 621 *et seq.***

23. Plaintiff hereby realleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. That Plaintiff's date of birth is November 21, 1955.

25. Plaintiff would not have been subjected to adverse treatment if not for his age.

26. Plaintiff was placed on a "work agreement" because of his age.

27. Plaintiff's age was a motivating factor behind his termination in March of 2004.

28. Subsequent to Plaintiff's termination, Plaintiff's position was immediately offered to a substantially younger, less qualified African-American female.

## COUNT III

### RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §§ 2000e et seq.

29. Plaintiff hereby realleges paragraphs 1-28 of this Complaint as though fully set forth herein.

30. On or about March 23, 2004, Plaintiff contacted Mr. James McConnell, United States Postal Service Manager, in order to advise of his belief that he was being discriminated against in his employment due to his race, color, and/or age.

31. On March 24, 2004, Plaintiff was terminated from his employment with the USPS.

32. That the aforementioned acts of retaliation for making charges of race, color, and age discrimination constitute unlawful employment and practices pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq.

33. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

34. That the unlawful employment practices complained of above were intentional.

35. That the retaliatory employment practices as set forth above has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

36. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

37. That Defendant knew or should have known of the aforementioned conduct of Mr. McConnell and Mr. Rogers against Plaintiff and failed to take prompt corrective action.

38. That Defendant is vicariously liable for the conduct of Mr. McConnell and Mr. Rogers carried out in the course and scope of their employment.

### Prayer For Damages

WHEREFORE, Plaintiff Mianulli prays that this Court grant judgment in his favor against the United States Postal Service in the amount of Three Hundred Thousand dollars ($300,000.00) with interest and costs, for reasonable attorney's fees and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
(410) 974-6000
DC Federal Bar No.: 427358

*Attorney for Plaintiff*