| | | |
|---|---|---|
| PAUL MIANULLI<br>19 Shady Hill Court<br>Baltimore, MD 21228-2429 | * <br> * <br> * <br> * | IN THE<br><br>UNITED STATES |
| v. | * <br> * | DISTRICT COURT |
| JOHN E. POTTER,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE | * <br> * <br> * <br> * | FOR THE<br><br>DISTRICT OF COLUMBIA |
| Serve on: | * <br> * | |
| John E. Potter, Postmaster General<br>United States Postal Service<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260 | * <br> * <br> * <br> * <br> * | Case No.: 07-1129 (RMC) |
| AND | * <br> * | |
| United States Attorneys Office<br>District of Columbia<br>555 4th Street, NW<br>Washington, DC 20530 | * <br> * <br> * <br> * <br> * | |
| AND | * <br> * | |
| Office of the Attorney General<br>Department of Justice<br>10th & Pennsylvania Ave., NW,<br>Washington, DC 20530 | * <br> * <br> * <br> * | |

*********************************************************************

## FIRST AMENED COMPLAINT

Paul Mianulli, ("Mianulli"), Plaintiff, by and through his attorney, Paul V. Bennett, Esq. and the Law Office of Paul V. Bennett, P.C., sues John E. Potter, Postmaster General, United States Postal Service, (hereinafter "Agency"), and as grounds states as follows:

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.* ("ADEA").

2. That all of the actions complained of herein took place in the District of Columbia.

3. That Plaintiff is a resident of the State of Maryland.

4. That Defendant is a United States government agency which regularly conducts business in the District of Columbia. The Agency employs 15 or more employees and is an employer within the meaning of Title VII.

5. That Plaintiff timely filed a charge of discrimination against the Agency with the Agency's Equal Employment Office and the United States Equal Employment Opportunity Commission and received a Notice of Right to Sue on or about April 4, 2007. Plaintiff has thus exhausted his administrative remedies prior to filing suit.

## **FACTS COMMON TO ALL COUNTS**

6. That Plaintiff Mianulli is a Caucasian male.

7. That Defendant is a government agency in the service of postal deliveries.

8. Plaintiff was hired by the Agency in or about October, 2003.

9. That at all times relevant hereto, Plaintiff was employed by Defendant as an EAS-19 "Management Analyst" at the Agency's Mail Equipment Shops in Washington, D.C. Plaintiff's responsibilities included, but were not limited to, management duties in the Mail Equipment Shop.

10. During the period of his employment with the Agency, Plaintiff's performance met or exceeded his employer's reasonable expectations.

11. In February, 2004, Mr. Sam Rogers, African-American male, was assigned as Plaintiff's new supervisor and was at all time relevant hereto, was acting in the course and scope of his employment as a manager with the United States Postal Service.

12. Shortly thereafter, Plaintiff was informed by Mr. Rogers that his performance was "unacceptable," and was placed on a "work agreement" as a disciplinary measure.

13. The aforementioned work agreement dictated unreasonable deadlines for completion of assignments. Furthermore, Mr. Rogers interfered with Plaintiff's ability to complete his assignments by instructing Plaintiff's subordinates not to assist Plaintiff in the completion of these assignments.

14. On or about March 24, 2004, Plaintiff was terminated from his employment with the Agency without good cause. The motive for terminating Plaintiff's employment was due to his race, color, age and retaliation.

## COUNT 1

### RACE AND COLOR DISCRIMINATION AND HARASSMENT
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. 2000e *et seq.*

15. Plaintiff hereby realleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Plaintiff was the only employee under Mr. Rogers' supervision subjected to a "work agreement."

17. Plaintiff was singled out, harassed, and eventually terminated due to his race (Caucasian).

18. Plaintiff's position was immediately offered to a younger, less qualified African American female.

19. That all of the aforementioned acts constitute unlawful employment practices pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq.

20. That the effect of the practices complained of above was to deprive the Plaintiff of equal employment opportunities, treatment, and otherwise adversely affect his employment status because of his race.

21. That the unlawful employment practices complained of above were intentional.

22. That the discriminatory actions of Mr. Rogers as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

COUNT II

AGE DISCRIMINATION
Age Discrimination in Employment Act of 1967, as amended,
29 U.S.C. §§ 621 et seq.

23. Plaintiff hereby realleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. That Plaintiff's date of birth is November 21, 1955.

25. Plaintiff would not have been subjected to adverse treatment if not for his age.

26. Plaintiff was placed on a "work agreement" because of his age.

27. Plaintiff's age was a motivating factor behind his termination in March of 2004.

28. Subsequent to Plaintiff's termination, Plaintiff's position was immediately offered to a substantially younger, less qualified African-American female.

## COUNT III

### RETALIATION
### Title VII of the Civil Rights Act of 1964
### 42 USC §§ 2000e et seq.

29. Plaintiff hereby realleges paragraphs 1-28 of this Complaint as though fully set forth herein.

30. On or about March 23, 2004, Plaintiff contacted Mr. James McConnell, United States Postal Service Manager, in order to advise of his belief that he was being discriminated against in his employment due to his race, color, and/or age.

31. On March 24, 2004, Plaintiff was terminated from his employment with the USPS.

32. That the aforementioned acts of retaliation for making charges of race, color, and age discrimination constitute unlawful employment and practices pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq.

33. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

34. That the unlawful employment practices complained of above were intentional.

35. That the retaliatory employment practices as set forth above has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

36. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

37. That Defendant knew or should have known of the aforementioned conduct of Mr. McConnell and Mr. Rogers against Plaintiff and failed to take prompt corrective action.

38. That Defendant is vicariously liable for the conduct of Mr. McConnell and Mr. Rogers carried out in the course and scope of their employment.

## Prayer For Damages

WHEREFORE, Plaintiff Mianulli prays that this Court grant judgment in his favor against the United States Postal Service in the amount of Three Hundred Thousand dollars ($300,000.00) with interest and costs, for reasonable attorney's fees and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*Paul V. B[signature]*

Paul V. Bennett, Esq.
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
(410) 974-6000
DC Federal Bar No.: 427358

*Attorney for Plaintiff*