UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MIANULLI )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. POTTER )<br>POSTMASTER GENERAL )<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1129(RMC)<br>ECF |

### STIPULATED PROTECTIVE ORDER

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1.  Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2.  Counsel for either party to this litigation may initially designate as "protected" hereunder any material exchanged in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of

protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004, for typical examples of material deserving "protected" designation. For purposes of the instant litigation involving claims of employment discrimination, examples of "employment history" materials likely deserving "protected" designation include: employee performance evaluations for third parties and the names of, and application materials for, unsuccessful applicants for a position or promotion (other than plaintiff and the selectee).

      3. In designating material as protected, the party so designating it shall identify the protected material with specificity in writing. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

      4. Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

      (a) Protected material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) plaintiff and current counsel for plaintiff, such counsel's firm and its employees, and outside consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) the person whose privacy interests the Privacy Act

restrictions are meant to protect with respect to any particular document (*e.g.*, the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); and (iii) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense or prosecution of this case, or outside consultants or experts retained by the defendant.

    (b)    It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

    (c)    No document (including motions, briefs, and exhibits) containing or revealing protected material shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and document substantially as follows:

> This [envelope/document] contains <u>protected</u> <u>material</u>.  Disclosure or use of such material is restricted.  This material is filed under seal.

Such documents shall be filed under seal and maintained under seal by the Court. No one other than persons specifically authorized in subparagraph (a) of paragraph 4 hereof shall have access to such material. Within three business days after the filing of any such document under seal, the party who filed the document shall serve on counsel for the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party. Counsel for the other party shall then have three business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions. At the conclusion of that review period the redacted copy shall be filed on the public record unless an objection has been made by one of the other parties. In the event of

an objection that the parties are unable to resolve informally either party may submit the dispute to the Court for resolution. The document in question shall be filed on the public record containing the material as to which there is no dispute pending resolution of the matter by the Court.

        (d)     All copies made of any material that is subject to this order shall be clearly labeled as containing protected material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

        (e)     Counsel shall endeavor to avoid revealing protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

        5.     Counsel shall promptly report any breach of the provisions of this order to the Court and counsel for the party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by

this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

  6. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

  7. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

  8. Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies. Nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

Respectfully submitted,

*/s/ with authorization*
_____
Paul V. Bennet, Esq.
D.C. Bar # 427358
133 Defense Highway, Ste. 209
Annapolis, MD 21401

*Attorney for Plaintiff*

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar # 488610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center Building, Rm. E4208
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 305-4851

*Attorneys for Defendant*


**APPROVED AND SO ORDERED.**

This __10th__ day of __March_____, 2008.

_____
ROSEMARY M. COLLYER
**United States District Judge**