UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAINULLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 07-1129 (RMC) |
| v. | ) |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

**MOTION BY SIMMONS BEDDING COMPANY TO QUASH
<u>PLAINTIFF PAUL MAINULLI'S SUBPOENA</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 45, third party Simmons Bedding Company ("Simmons Bedding"), by counsel, hereby moves to quash the attached subpoena for documents served upon it by Plaintiff Paul Mianulli ("Plaintiff"). For the reasons stated in the accompanying Memorandum of Law, Simmons Bedding respectfully requests that the Court quash the subpoena as it seeks information that is not relevant to the proceedings, that is protected by a confidentiality agreement, and that places the burden and expense on a third party company. Simmons Bedding also respectfully requests that the Court grant them the attorneys' fees and costs incurred in connection with this Motion; and such other and further relief as this Court deems appropriate and just.

SIMMONS BEDDING COMPANY
By Counsel

Date: June 16, 2008

/s/__Sarah E. Moffett_____
Sarah E. Moffett (DC Bar No. 976386)
LECLAIRRYAN, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007
(703) 684-8075 (facsimile)

Sarah.Moffett@leclairryan.com
*Counsel for Simmons Bedding Company*

## LOCAL RULE 7(M) CERTIFICATION

 I hereby certify that I contacted the Plaintiff's counsel on June 13, 2008, to obtain consent to the relief requested herein, but that counsel could not be reached and a message was left for him.

        /s/   Sarah E. Moffett
        Sarah E. Moffett

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice Electronic Filing on this 16th day of June, 2008, upon:

Paul V. Bennett, Esquire
Law Office of Paul V. Bennett, PC
133 Defense Highway
Suite 209
Annapolis, MD 21401
(301) 261-8161
bennlaw@aol.com
*Counsel for Plaintiff Paul Mianulli*

Mercedeh Momeni, Esquire
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 305-4851
mercedeh.momeni@usdoj.gov
*Counsel for Defendant John E. Potter, Postmaster General, USPS*

                                            /s/ Sarah E. Moffett
                                            Sarah E. Moffett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAINULLI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No.: 07-1129 (RMC) |
| v. | ) |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION BY SIMMONS BEDDING COMPANY
TO QUASH PLAINTIFF PAUL MAINULLI'S SUBPOENA**

COMES NOW Simmons Bedding Company ("Simmons Bedding"), by counsel and as a third party to these proceedings, pursuant to Federal Rules of Civil Procedure 26 and 45, and states the following for its Memorandum in Support of its Motion to Quash Plaintiff Paul Mainulli's Subpoena:

1. Simmons Bedding is not a party to this suit.

2. On June 3, 2008, Simmons Bedding was served with the attached subpoena from Plaintiff Paul Mainulli's ("Plaintiff") counsel ("Subpoena").

3. The Subpoena requests that Simmons Bedding provide by 2:00 p.m. on June 15, 2008, the following documents:

> ". . . a copy of the Settlement Agreement between Mr. Sammy Rogers and Simmons Bedding Company, statement, and any other documents identifying with a reasonable degree of detail the circumstances and facts surrounding the termination of Mr. Rogers' employment relationship with the Simmons Bedding Company in or about the Fall of 2003."

4.   The subpoena is unduly burdensome (requiring production of documents from five years ago within twelve days of service), overly broad (demanding production of documents not reasonably calculated to lead to the discovery of admissible evidence and protected/privileged documents), and seeks documents protected by a confidentiality clause (the settlement agreement between Sam Rogers and Simmons Bedding ("settlement agreement") contains an express confidentiality clause).  Simmons Bedding objects to the subpoena.

5.  The subpoena, served on June 3, 2008, demands production of documents from nearly five years ago by 2:00 p.m. on Sunday, June 15, 2008.  Not withstanding the time it would take to procure the subpoenaed documents from several years ago, this production of documents would include communications to and from Simmons Bedding and its counsel, both in anticipation of litigation and regarding the litigation surrounding the settlement agreement involving Mr. Rogers.

6.  Fed. R. Civ. P. 45(c)(1) provides:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued **shall** enforce this duty and **impose** upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(Emphasis added.)

7.   The subpoena served on Simmons Bedding violates this rule.  In addition, Simmons Bedding is not a party to this suit.  Furthermore, this subpoena is not calculated to reasonably lead to admissible evidence as this lawsuit does not relate to the employment records and proceedings between Simmons Bedding and Sam Rogers.  Worse, Plaintiff is seeking "any other document" related to an employment relationship and litigation matter with the knowledge that such documents would likely contain large amounts of material totally unrelated to this suit, and

2

that much of that unrelated material would be sensitive, attorney-client and/or work product protected information belonging to third parties.

8. Additionally, the settlement agreement contains an express confidentiality clause limiting the dissemination of information regarding the settlement agreement and proceedings.

9. Because Plaintiff's violations of the obligations imposed by Fed. R. Civ. P. 45(c)(1) are egregious, the Court should quash the subpoena under Rule 45(c)(3)(A), rather than modify it. Modifying the subpoena would simply encourage attorneys to abuse the use of subpoenas, rather than to take seriously the obligation not to serve unnecessarily burdensome subpoenas.

WHEREFORE, Simmons Bedding requests the Court, pursuant to Fed. R. Civ. P. 45(c)(1) and (c)(3)(A), to quash the subpoena served on it. In the alternative, Simmons Bedding requests the Court to modify the subpoena so as (1) not include the settlement agreement, (2) not to include documents related to the settlement agreement, and (3) not to include documents that contain attorney work product, that were prepared in anticipation of litigation or that were confidential communications between attorney and client. In either case, Simmons Bedding requests an award of attorney's fees incurred in connection with this motion and all expenses incurred in responding to the subpoena if the Court denies the Motion to Quash.

                SIMMONS BEDDING COMPANY
                By Counsel

Date:   June 16, 2008        /s/__Sarah E. Moffett_____


Sarah E. Moffett (DC Bar No. 976386)
LECLAIRRYAN, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007
(703) 684-8075 (facsimile)
Sarah.moffett@leclairryan.com
*Counsel for Simmons Bedding Company*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice Electronic Filing on this 16th day of June, 2008, upon:

Paul V. Bennett, Esquire
Law Office of Paul V. Bennett, PC
133 Defense Highway
Suite 209
Annapolis, MD 21401
(301) 261-8161
bennlaw@aol.com
*Counsel for Plaintiff Paul Mianulli*

Mercedeh Momeni, Esquire
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 305-4851
mercedeh.momeni@usdoj.gov
*Counsel for Defendant John E. Potter, Postmaster General, USPS*

                              /s/ Sarah E. Moffett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAINULLI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No.: 07-1129 (RMC) |
| v. | ) |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
|     Defendant. | ) |

## PROPOSED ORDER

ON THE 16th day of June, 2008, came the third party Simmons Bedding Company ("Simmons Bedding"), by counsel, on Simmons Bedding's Motion to Quash Plaintiff Paul Mianulli's Subpoena. After reviewing Simmons Bedding's submission, its Motion to Quash Plaintiff Paul Mianulli's Subpoenat is hereby GRANTED. Accordingly, it is hereby ORDERED THAT

Plaintiff Paul Mianulli's Subpoena is Quashed,

IT IS FURTHER ORDERED that the Clerk shall send a copy of this Order to Counsel of Record.

                              ENTER:_____
                                              Judge

                              DATE:

CC:

Sarah E. Moffett, Esquire
LECLAIRRYAN, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007
(703) 684-8075 (facsimile)
Sarah.moffett@leclairryan.com
*Counsel for Simmons Bedding Company*

Paul V. Bennett, Esquire
Law Office of Paul V. Bennett, PC
133 Defense Highway
Suite 209
Annapolis, MD 21401
(301) 261-8161
bennlaw@aol.com
*Counsel for Plaintiff Paul Mianulli*

Mercedeh Momeni, Esquire
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 305-4851
mercedeh.momeni@usdoj.gov
*Counsel for Defendant John E. Potter, Postmaster General, USPS*

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF THE DISTRICT OF COLUMBIA

Paul Mianulli

V.

John E. Potter, Postmaster General, USPS

**SUBPOENA IN A CIVIL CASE**

Case Number: 07-1129 (RMC)

TO: Simmons Bedding Company
Suite 800
One Concourse Parkway
Atlanta, GA 30328

Serve On Resident Agent:
The Corporation Trust Inc.
300 E Lombard Street
Baltimore, MD 21202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE Law Office of Paul V. Bennett, PC, 133 Defense Hwy., Ste. 209, Annapolis, MD 21401 | DATE AND TIME 6/15/08  2:00pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  /s/ Paul V. Bennett  Atty   DATE 5/30/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul V. Bennett, Esq., 133 Defense Hwy., Ste 209, Annapolis, Maryland 21401   Tel: 410-974-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

<u>**Paul Mianulli v. John E. Potter, Postmaster General, USPS**</u>
United States District Court for the District of Columbia
Case No. 07-1129 (RMC)

<u>Simmons Bedding Company Subpoena Attachment</u>

Please provide a copy of the Settlement Agreement between Mr. Sammy Rogers and Simmons Bedding Company, statement, and any other document identifying with a reasonable degree of detail the circumstances and facts surrounding the termination of Mr. Rogers' employment relationship with the Simmons Bedding Company in or about the Fall of 2003.