| | | |
|---|---|---|
| PAUL MIANULLI | * | IN THE |
| Plaintiff | * | UNITED STATES |
| | * | |
| v. | * | DISTRICT COURT |
| | * | |
| JOHN E. POTTER, | * | FOR THE |
| POSTMASTER GENERAL, | * | |
| UNITED STATES POSTAL SERVICE | * | DISTRICT OF COLUMBIA |
| | * | |
| | * | |
| | * | Case No.: 07-1129 (RMC) |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiff, Paul Mianulli, by and through his attorneys, Paul V. Bennett and the Law Office of Paul V. Bennett, P.C., hereby submits his opposition to Simmons Bedding Company's ("Simmons") Motion to Quash Plaintiff's Subpoena. For the reasons stated in the accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Simmons' Motion to Quash. In the alternative, Plaintiff would consent to the subpoena being amended to limit the requested documentation to a standard that this court deems just and appropriate.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Fed. Bar 10324)
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
410-974-6000

Attorney for the Plaintiff

|  |  |  |
|---|---|---|
| Plaintiff | * | UNITED STATES |
|  | * |  |
| v. | * | DISTRICT COURT |
|  | * |  |
| JOHN E. POTTER, | * | FOR THE |
| POSTMASTER GENERAL, | * |  |
| UNITED STATES POSTAL SERVICE | * | DISTRICT OF COLUMBIA |
|  | * |  |
|  | * |  |
|  | * | Case No.: 07-1129 (RMC) |
|  | * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

COMES NOW Plaintiff, Paul Mianulli, by and through his attorneys, Paul V. Bennett and the Law Office of Paul V. Bennett, P.C., hereby submits his Memorandum of Law in Support of Plaintiff's Opposition to the Motion to Quash by Simmons Bedding Company ("Simmons") and states:

1. The above captioned matter involves Plaintiff's claims of discrimination, reprisal and disparate treatment against his employer, the United States Postal Service ("USPS"). Shortly before Plaintiff was terminated by the USPS, Mr. Sam Rogers became his immediate supervisor.

2. Simmons is the previous employer of Mr. Sam Rogers, who was Plaintiff's immediate supervisor at the time of Plaintiff's termination. Mr. Rogers testified in his deposition on April 1, 2008 that he could not discuss the reasons for his termination with Simmons due to an alleged confidentiality provision in a settlement agreement with Simmons.

3. Prior to issuing a subpoena to Simmons, Plaintiff's counsel made numerous attempts to

contact a legal representative of Simmons to procure a copy of the settlement agreement and/or a statement specifying the reasons for Mr. Rogers' departure from Simmons. However, Plaintiff's counsel received no reply.

4. Simmons' account of the attempts of their counsel to contact Plaintiff's counsel are incomplete. After issuing the subpoena, Simmons' representative, Ms. Sarah E. Moffett, Esq., contacted Plaintiff's counsel's office on or about June 13, 2008 requesting clarification of the requested documentation. At that time, James Ellison, Paralegal with Law Office of Paul V. Bennett, P.C., advised Ms. Moffett that Plaintiff sought documentation concerning the facts behind Mr. Rogers' termination of employment with Simmons, and was not seeking documentation protected by any attorney-client privilege. Ms. Moffett stated that the time limit for a response by Simmons as dictated in the subpoena was too short. Ms. Moffett was advised that Plaintiff would have no problem stipulating to a later date for production of the requested documentation.

5. Without any further attempts to resolve any problems or concerns with the subpoena, Ms. Moffett filed the Motion to Quash on June 16, 2008 inaccurately asserting that Plaintiff's subpoena was a) unduly burdensome, b) overly broad, and c) seeks documentation protected by a confidentially clause.

6. Plaintiff addresses each of those objections as follows:

   a. Plaintiff's request is not unduly burdensome as to the deadline for production. As stated above, Simmons' counsel was advised in the referenced telephone conversation of June 13, 2008 that Plaintiff's counsel would be agreeable to an extension on the time for producing the requested documentation.

    b.    Plaintiff's request was not unduly burdensome as it requested only documents related to the termination of Mr. Sam Rogers from Simmons. Simmons' counsel was assured that the subpoena was not intended to include attorney-client or other privileged documentation.

    c.    Even if the confidentiality clause of the Settlement Agreement is written sufficiently broad enough to cover all documents related to the facts surrounding Mr. Rogers' termination from Simmons, the confidentiality provision does not preclude a subpoena by this Court. Settlement agreements are discoverable if the information sought is relevant. See *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1280 (11th Cir. 1998). In disparate treatment cases, the scope of discovery must needs be broader than the specific individualized facts upon which the Plaintiff's case is based; discovery of prior complaints of discrimination is permitted in disparate treatment cases because prior complaints may be relevant to proving that reasons for adverse employment action are merely a pretext for discrimination or retaliation. See *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520, 67 FEP 537, 543 (10th Cir. 1995). If the Settlement Agreement between Simmons and Mr. Rogers concerns prior complaints of discrimination, retaliation, or other EEO activity, then these documents could be relevant to showing a pattern of disparate treatment or a motive for retaliation in the present case before this Court.

7.    Plaintiff's counsel has made reasonable concessions to Simmons' counsel to address her client's concerns. Plaintiff's counsel also suggested that any and all documents produced

that would be subject to the confidentiality clause of the Settlement Agreement between Simmons and Mr. Rogers could be subject to this Court's Protective Order in this matter and thus be sealed at the conclusion of this matter.

WHEREFORE, Plaintiff respectfully request that this Honorable Court deny Simmons Motion to Quash.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Fed. Bar 10324)
Law Office of Paul V. Bennett, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
410-974-6000

Attorney for the Plaintiff