UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MIANULLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1129 (RMC) |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

Through counsel, Plaintiff Paul Mianulli served a third-party subpoena on Simmons Bedding Company ("Simmons"), demanding "a copy of the Settlement Agreement between Mr. Sammy Rogers and Simmons Bedding Company, statement, and any other document identifying with a reasonable degree of detail the circumstances and facts surrounding the termination of Mr. Rogers' employment relationship with the Simmons Bedding Company in or about the Fall of 2003." Mot. to Quash [Dkt. #19], Ex. A. Mr. Sam Rogers was the Plaintiff's supervisor at the United States Postal Service (the "Postal Service") when the Plaintiff was terminated on March 24, 2004, allegedly because of the Plaintiff's race (Caucasian), color (White) and age (48). *See* 1st Am. Compl. ¶¶ 6, 11 & 15-28 [Dkt. #14]. At his deposition, Mr. Rogers testified that he could not discuss the reasons for his termination from Simmons due to a confidentiality provision in a settlement agreement with that company (the "Settlement Agreement"). Opp'n to Mot. to Quash at 1 [Dkt. # 22]. Counsel for Mr. Mianulli promptly sought to obtain information from Simmons concerning Mr. Rogers's termination; thus, the subpoena.

The subpoena will be quashed. Whatever the basis for dispute between Simmons and

Mr. Rogers – Plaintiff only speculates that it might be related to equal employment opportunity ("EEO") – it has no relevance here. Plaintiff's counsel argues that:

> discovery of prior complaints of discrimination is permitted in disparate treatment cases because prior complaints may be relevant to proving that reasons for [an] adverse employment action are merely a pretext for discrimination or retaliation. . . . If the Settlement Agreement between Simmons and Mr. Rogers concerns prior complaints of discrimination, retaliation, or other EEO activity, then these documents could be relevant to showing a pattern of disparate treatment or a motive for retaliation in the present case.

*Id.* at 3 (citation omitted). This argument mixes apples and oranges. Even assuming that Simmons engaged in discriminatory behavior against Mr. Rogers, which it then settled, such a fact would provide no relevant evidence to determine whether the Postal Service, through supervisor Rogers, discriminated against the Plaintiff. The actors – assuming that they acted as alleged – are entirely different.

As drafted, the subpoena is unduly burdensome in its time constraints; overly-broad in its demands, covering privileged materials; provides no basis to ignore the confidentiality of the Settlement Agreement; and is not calculated reasonably to lead to admissible evidence, as this lawsuit does not relate to the employment records and proceedings between Simmons and Mr. Rogers. Accordingly, it is hereby

**ORDERED** that the Motion by Simmons Bedding Company to Quash Plaintiff Paul Mainulli's [sic] Subpoena [Dkt. # 19] is **GRANTED**.

**SO ORDERED**.

DATE: July 22, 2008                    /s/
                                       ROSEMARY M. COLLYER
                                       United States District Judge